



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

C. MANN
Y GENERAL

Hon. G. A. Walters
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. O-1061
Re: Can county convicts be required
to wear a ball and chain?
Does the county have a right to
work its convicts on the public
streets of San Saba?

Your request for an opinion on the above stated questions has been received by this office.

Sections 3 and 24 of Article 16 of the State Constitution read as follows:

"Sec. 3. The legislature shall make provision whereby persons convicted of misdemeanors and committed to the county jails in default of payment of fines and costs, shall be required to discharge such fines and costs by manual labor, under such regulations as may be prescribed by law.

"Sec. 24. The legislature shall make provision for laying out and working public roads, for the building of bridges, and for utilizing fines, forfeitures, and convict labor to all these purposes."

Article 793, Code of Criminal Procedure, reads in part as follows:

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him;...."

Article 794 of the Code of Criminal Procedure reads as follows:

"Where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine and costs adjudged against him, those so convicted shall be required to do manual labor in accordance with the provisions of this article under the following rules and regulations:

"1. Each commissioners court may provide for the erection of a workhouse and the establishment of a county farm in connection therewith for the purpose of utilizing the labor of said parties so convicted.

"2. Such farms and workhouses shall be under the control and management of the commissioners court, and said court may adopt such rules and regulations not inconsistent with the laws as they deem necessary for the successful management and operation of said institutions and for effectively utilizing said labor.

"3. Such overseers and guards may be employed under the authority of the commissioners court as may be necessary to prevent escapes and to enforce such labor, and



Hon. C. A. Walters, Page 3

they shall be paid out of the county treasury such compensation as said court may prescribe.

"4. Those so convicted shall be so guarded while at work as to prevent escape.

"5. They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm.

"6. They shall be required to labor not less than eight nor more than ten hours each day, Sundays excepted. No person shall ever be required to work for more than one year.

"7. One who refuses to labor or is otherwise refractory or insubordinate may be punished by solitary confinement on bread and water or in such other manner as the commissioners court may direct.

"8. When not at labor they may be confined in jail or the workhouse, as may be most convenient, or as the regulations of the commissioners court may prescribe.

"9. A female shall in no case be required to do manual labor except in the workhouse.

"10. One who from age, disease, or other physical or mental disability is unable to do manual labor shall not be required to work, but shall remain in jail until his term of imprisonment is ended, or until the fine and costs adjudged against him are discharged according to law. His inability to do manual labor may be determined



by a physician appointed for that purpose
by the county judge or the commissioners
court, who shall be paid for such service
such compensation as said court may allow.

"11. One convicted of a misdemeanor
whose punishment either in whole or in
part is imprisonment in jail may avoid
manual labor by payment into the county
treasury of one dollar for each day of the
term of his imprisonment, and the receipt
of the county treasurer to that effect
shall be sufficient authority for the sheriff
to detain him in jail without labor."

In the case of Ex Parte Bates, 40 SW 269, it
was held that Section 3 of Article 16, above quoted, was
not a limitation on the part of the Legislature and does
not confine its authority to the passage of convict
labor laws only when the penalty imposed in misdemeanor
cases is a fine and costs. Manual labor laws may be
legally enacted and enforced in all cases where the penal-
ty imposed is imprisonment in the county jail regardless
of whether they be for non-payment of fine and costs.

Article 794, supra, provides that the commission-
ers' court may employ overseers and guards to prevent es-
cape and to enforce such labor as prescribed by the sta-
tutes and that the convict shall be guarded while at work.
However, there is no provision in the statute authorizing
the commissioners' court or the guards or overseers employ-
ed by the court to require and compel the convicts to wear
a ball and chain.

The above quoted statutes provide that the con-
victs may work out their fines and costs by labor in the
workhouse or on the county farm or public improvements, or
if there be no such workhouse, farm or improvements, by
imprisonment in the jail for a sufficient length of time
to discharge the full amount of the fine and costs. The
statute specifically says "public improvements of the
county." Therefore, work on the public streets of an



Hon. C. A. Walters, Page 5


incorporated city would not be public works of the county.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that both of your questions should be answered in the negative.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant


APPROVED JUN 19, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY WRK
CHAIRMAN